KEVIN G. McCURDY (SBN 115083)
ROBERT J. SCOTT, Jr. (SBN 151775)
McCURDY FULLER RUETTGERS LLP
4300 Bohannon Drive, Suite 240
Menlo Park, CA 94025
Telephone: (650) 618-3500
Facsimile:   (650) 618-3599
E-mail: kevin.mccurdy@mccurdylawyers.com
E-mail: robert.scott@mccurdylawyers.com

Attorney for Defendant
LEXINGTON INSURANCE COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BIKRAM'S YOGA COLLEGE OF INDIA, L.P., a limited partnership; BIKRAM CHOUDHURY, an individual; and BIKRAM CHOUDHURY YOGA, INC., a corporation,<br><br>Plaintiffs,<br><br>v.<br><br>PHILADELPHIA INDEMNITY INSURANCE COMPANY, a corporation; LEXINGTON INSURANCE COMPANY, a corporation; SCOTTSDALE INSURANCE COMPANY, a corporation;. NATIONWIDE MUTUAL INSURANCE COMPANY, a corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO. 2:14-cv-5228 GHK (JCx)<br><br>**DISCOVERY MATTER**<br><br>**NOTICE OF MOTION AND MOTION OF LEXINGTON INSURANCE COMPANY TO COMPEL PRODUCTION OF DOCUMENTS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ROBERT J. SCOTT, Jr. RE: FAILURE TO COMPLY WITH L.R. 37-1**<br><br>**Date:  April 14, 2015**<br>**Time: 9:30 a.m.**<br>**Dept.:  20 (Spring St. Courthouse)**<br>**Hon. Jacqueline Chooljian**<br><br>**Case Scheduling Order Not Entered** |

TO ALL PARTIES AND THEIR ATTORNEY'S OF RECORD HEREIN:

PLEASE TAKE NOTICE that on April 15, 2015, at 9:30 a.m. or as soon

thereafter as the matter can be heard, in Department 20 of the above-entitled court

*McCURDY FULLER RUETTGERS LLP*
*4300 Bohannon Drive, Suite 240*
*Menlo Park, CA 94025*
*(650) 618-3500*

55525

- 1 -

1  located at 312 Spring Street, Los Angeles, California, defendant Lexington

2  Insurance Company ("Lexington") will, and hereby does, move this court for an

3  order compelling defendant Bikram Choudhury ("Choudhury") to produce

4  documents as agreed in Choudhury's written response to Lexington's first set of

5  requests for production.

6       This motion is made and based on the ground that Choudhury's written

7  response was inadequate under F.R.C.P. 34(b) because Choudhury neither

8  contemporaneously produced responsive documents nor stated a date on which

9  inspection would be  permitted, and that Choudhury has failed to permit inspection

10  within the meaning of F.R.C.P. 37(a)(3)(iv).

11       Choudhury failed to respond to Lexington's request for a pre-filing

12  conference pursuant to L.R. 37-1.

13       Lexington's motion is based on this Notice, the Memorandum of Points and

14  Authorities, the Declaration of Robert J. Scott, Jr. including exhibits thereto, on the

15  pleadings and records on file in this matter, and on such other and further argument

16  as the Court may permit at the hearing on this matter.

17  Dated:  March 13, 2015         McCURDY FULLER RUETTGERS LLP

18

19

20                                 ROBERT J. SCOTT, Jr.

21                                 Attorneys for Defendant

22                                 LEXINGTON INSURANCE COMPANY

23

24

25

26

27

28

McCURDY FULLER RUETTGERS LLP
4300 Bohannon Drive, Suite 240
Menlo Park, CA 94025
(650) 618-3500

55525

LEXINGTON'S MOTION TO COMPEL PROD. OF DOCUMENTS (CHOUDHURY)

**MEMORANDUM OF POINTS AND AUTHORITIES**

**A.      Factual Background**

        This is an action in which Bikram Choudhury, Bikram Choudhury Yoga, Inc., and Bikram's Yoga College of India sued four insurance carriers, including moving party Lexington, seeking a defense to six separate sexual assault/harassment lawsuits.

        On December 9, 2014, Lexington served its first set of requests for production of documents on Choudhury. (Scott Decl., Exh. A.) This set consisted of two requests. The first sought all documents identified in plaintiffs' Rule 26 disclosures. The second request sought documentation concerning Choudhury's payment of any defense costs in connection with the underlying sexual harassment/assault cases.

        On January 12, 2015, Choudhury served his responses. (Scott Decl., Exh. B.) Although Choudhury agreed to produce documents in response to both requests, Choudhury neither produced responsive documents nor set forth date on which production would occur.

        On January 20, 2015, counsel for Lexington wrote to Choudhury's attorney pointing out that the failure to produce or identify a date when the documents would be produced amounted to a "failure to answer or respond" under F.R.C.P 27(a)(3). The letter requested a pre-filing conference pursuant to L.R. 37-1. (Scott Decl., Exh. C.)

        Choudhury never responded to Lexington's request for a conference. (Scott Decl., ¶ 5.) On January 29, 2015, plaintiffs served on all parties copies of insurance policies that appear to be responsive to request no. 1.D. and that request is not at issue in this motion.

        The following are the requests and responses thereto:

**REQUEST NO. 1:**

        All of the following DOCUMENTS identified in YOUR Initial Disclosures:

        A.      Complaints and amended complaints in the underlying suits;

McCURDY FULLER RUETTGERS LLP
4300 Bohannon Drive, Suite 240
Menlo Park, CA 94025
(650) 618-3500

**LEXINGTON'S MOTION TO COMPEL PROD. OF DOCUMENTS (CHOUDHURY)**

1    B.    Other pleadings and documents related to the underlying suits;

2    C.    Correspondence, emails and written communications between

3  plaintiffs' counsel and defendants concerning, among other things and without

4  limitation, defendants' coverage position as to the underlying suits, defendants

5  denial of the duty to defend, defendants' failure to pay defense fees and costs, and

6  defendants' delays;

7    D.    Insurance policies issued by defendants;

8    E.    Invoices for attorneys' fees and costs in the defense of the underlying

9  suits;

10    F.    Documents evidencing the threatened or actual withdrawal of defense

11  counsel for plaintiffs in the underlying suits based on defendants' failure to pay

12  defense fees and costs;

13    G.    Documents concerning the hourly rates paid by Lexington to

14  independent defense counsel for plaintiffs in the case entitled Williams v.

15  Choudhury, et al.

16  **RESPONSE TO REQUEST NO. 1:**

17    Plaintiff objects to this request on the ground that it does not identify a

18  category of documents with reasonable particularity.  Plaintiff further objects to

19  this request on the grounds that it is vague and ambiguous.  Plaintiff understands

20  this request as requesting documents within these categories that Plaintiff may

21  use to support his claims in this litigation.

22    Subject to, and without waiving the foregoing objection, and to the extent

23  that Plaintiff understands this request, Plaintiff will produce those requested

24  documents that are in his possession, custody and control.

25  **REQUEST NO. 2:**

26    All DOCUMENTS CONCERNING YOUR payment of any defense fees and

27  costs in connection with any of the UNDERLYING ACTIONS.

28

McCURDY FULLER RUETTGERS LLP
4300 Bohannon Drive, Suite 240
Menlo Park, CA 94025
(650) 618-3500

55525                                         - 4 -

**RESPONSE TO REQUEST NO. 2:**

Plaintiff objects to this request on the ground that it does not identify a category of documents with reasonable particularity. Plaintiff further objects to this request on the grounds that the term "concerning" is vague and ambiguous, and makes the request overbroad and unduly burdensome. Plaintiff further objects to this request to the extent that it seeks documents that are protected by the attorney-client privilege or attorney work product doctrine.

Subject to, and without waiving the foregoing objection, and to the extent that Plaintiff understands this request, Plaintiff will produce those requested documents that are in his possession, custody and control.

## DISCUSSION

Request no. 1 is a verbatim transcript of Choudhury's F.R.C.P 26(a)(1)(A)(ii) disclosures. To the extent that the request does not "identify a category of documents with reasonable particularity" that is because Choudhury failed to "describe and categorize" the documents "sufficiently to enable opposing parties ... to frame their document requests in a manner likely to avoid squabbles resulting from the wording of the requests." Committee Notes, Fed.R.Civ.P. 26 (amended December 1, 1993). The documents are obviously relevant and should be produced as agreed.

Request no. 2 seeks documents relevant to any damages that Choudhury may be claiming based on his allegations concerning breach of the duty to defend. These responsive documents should also be produced.

If the production of responsive documents is not contemporaneous with service of the written response, the response must identify a specific place and time at which inspection will be permitted. Merely agreeing to produce without specifying a date and time is treated as a failure to respond to a request for production. *Jayne H. Lee, Inc. v. Flagstaff Industries Corp.* (D. Md. 1997) 173 F.R.D. 651, 656 ("a response to a request for production of documents which

McCURDY FULLER RUETTGERS LLP
4300 Bohannon Drive, Suite 240
Menlo Park, CA 94025
(650) 618-3500

1   merely promises to produce the requested documents at some unidentified time in
2   the future, without offering a specific time, place and manner, is not a complete
3   answer as required by Rule 34(b) and, therefore, pursuant to Rule 37(a)(3) is
4   treated as a failure to answer or respond."). "It is improper to state, …that
5   production will be made at some unspecified time in the future." *Mezu v. Morgan*
6   *State Univ.* (D.Md. 2010) 269 F.R.D. 565, 574.

7       Choudhury agreed to produce the documents but has neither produced them
8   nor stated a firm date and time when inspection and copying will be permitted.
9   Therefore, Lexington respectfully requests an order requiring Choudhury to
10  produce all responsive documents.

## CONCLUSION

12      For all of the foregoing reasons, Lexington respectfully requests that the
13  Court issue an order requiring plaintiff Bikram Choudhury to produce all
14  documents responsive to Lexington's first set of requests for production within
15  ten (10) days.

16                              Respectfully submitted,

17  Dated:  March 12, 2015      McCURDY FULLER RUETTGERS LLP

20                              ROBERT J. SCOTT, Jr.
21                              Attorneys for Defendant
22                              LEXINGTON INSURANCE COMPANY

McCURDY FULLER RUETTGERS LLP
4300 Bohannon Drive, Suite 240
Menlo Park, CA 94025
(650) 618-3500

**LEXINGTON'S MOTION TO COMPEL PROD. OF DOCUMENTS (CHOUDHURY)**

# Declaration of Robert J. Scott, Jr.

I, Robert J. Scott, Jr., declare:

1.      I am an attorney licensed to practice this Court and am a member of the law firm of McCurdy Fuller Ruettgers LLP, attorneys for defendant Lexington Insurance Company ("Lexington") herein.  I have primary responsibility for the day-to-day handling of this matter on behalf of Lexington.  The following matters are true to my own knowledge and if called as a witness I could and would competently testify thereto.

2.      Attached hereto as Exhibit A is a true and correct copy of Lexington's Request for Production of Documents, set no. 1, propounded to plaintiff Bikram Choudhury and served on December 9, 2014.

3.      Attached hereto as Exhibit B is a true and correct copy of Plaintiff Bikram Choudhury's Response to Lexington Insurance Company's Request for Production of Documents, received in our office on January 15, 2015.

4.      Attached hereto as Exhibit C is a true and correct copy of a letter I sent to David Nelson, attorney for plaintiffs, on January 20, 2015 objecting to Choudhury's failure to produce documents and requesting a pre-filing conference pursuant to L.R. 37-1.  Include as part of Exhibit C is a copy of the email showing that the letter was copied to David Schack who also represents plaintiffs in this matter.

5.      I never received any response to my letter of January 20 2015

**LEXINGTON'S MOTION TO COMPEL PROD. OF DOCUMENTS (CHOUDHURY)**

McCURDY FULLER RUETTGERS LLP
4300 Bohannon Drive, Suite 240
Menlo Park, CA 94025
(650) 618-3500

requesting a pre-filing conference.

6.     On January 29, 2015, plaintiffs served all parties with copies of insurance policies that appear to satisfy request no. 1.D.   Lexington is not seeking those documents as part of this motion.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true to my own knowledge and that this Declaration was executed on March 12, 2015, at Menlo Park, California.

Robert J. Scott, Jr.

McCURDY FULLER RUETTGERS LLP
4300 Bohannon Drive, Suite 240
Menlo Park, CA 94025
(650) 618-3500

55525

- 8 -

EXHIBIT A

1  KEVIN G. McCURDY (SBN 115083)
   ROBERT J. SCOTT, Jr. (SBN 151775)
2  McCURDY FULLER RUETTGERS LLP
   4300 Bohannon Drive, Suite 240
3  Menlo Park, CA 94025
   Telephone: (650) 618-3500
4  Facsimile: (650) 618-3599
   E-mail: kevin.mccurdy@mccurdylawyers.com
5  E-mail: robert.scott@mccurdylawyers.com

6  Attorney for Defendant
   LEXINGTON INSURANCE COMPANY
7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10 BIKRAM'S YOGA COLLEGE OF INDIA,    CASE NO. 2:14-cv-5228 GHK (JCx)
   L.P., a limited partnership; BIKRAM
11 CHOUDHURY, an individual; and BIKRAM   **LEXINGTON INSURANCE**
   CHOUDHURY YOGA, INC., a corporation,  **COMPANY'S REQUEST FOR**
12                                        **PRODUCTION OF DOCUMENTS TO**
                Plaintiffs,               **PLAINTIFF BIKRAM CHOUDHURY**
13
14          v.                            DRFP  12/9/14

15 PHILADELPHIA INDEMNITY INSURANCE
   COMPANY, a corporation; LEXINGTON
16 INSURANCE COMPANY, a corporation;
   SCOTTSDALE INSURANCE COMPANY, a
17 corporation;. NATIONWIDE MUTUAL
   INSURANCE COMPANY, a corporation; and
18 DOES 1 through 100, inclusive,

19              Defendants.

20

21 PROPOUNDING PARTY:    Defendant Lexington Insurance Company

22 RESPONDING PARTY:     Plaintiff Bikram Choudhury

23 SET NO.:              One
24
25      Pursuant to Rule 34 of the Federal Rules of Civil Procedure, defendant

26 Lexington Insurance Company requests that plaintiff Bikram Choudhury produce for

27 inspection and copying the documents described below. The date, time and place

28 for production shall be January 11, 2015 at 10:00 a.m. at the law offices of McCurdy

Fuller Ruettgers LLP, 4300 Bohannon Drive, Suite 240, Menlo Park, California, 94025.

## **DEFINITIONS**

1.      "DOCUMENTS" means all items within the scope of Rule 34 of the Federal Rules of Civil Procedure and any writing as that term is defined in Rule 1001 of the Federal Rules of Evidence.  It shall also include, but is not limited to, originals, copies and drafts of records, correspondence, papers, books, pamphlets, bills, accounts, checks, letters, photographs, objects, notes, memoranda, reports, surveys, contracts, licenses, agreements, charts, graphs, indices, diaries, and recordings of every kind and description, whether by hand, typewritten, electronic, photographic or other means.

2.      "YOU" and/or "YOUR" means plaintiff Bikram Choudhury and his agents, employees, attorneys, accountants, investigators and anyone else acting on its behalf.

3.      "CONCERNING" means referring to, responding to, relating to, commenting on, regarding, discussing, describing, mentioning, reflecting, analyzing, constituting, evidencing, or pertaining to.

4.      "UNDERLYING ACTIONS" means the following pending lawsuits as alleged in YOUR complaint on file herein: *Baughn v. Choudhury, et al.*, Los Angeles Superior Court Case No. BC502424; *Anderson v. Choudhury, et al.*, Los Angeles Superior Court Case No. BC517883; *Jane Doe No. 1 v. Choudhury, et al.*, Los Angeles Superior Court Case No. BC508288; *Jane Doe No. 2 v. Choudhury, et al.*, Los Angeles Superior Court Case No. BC508089; *Jane Doe No. 3 v. Choudhury, et al.*, Los Angeles Superior Court Case No. BC528813; *Jafa-Bodden v. Choudhury, et al.*, Los Angeles Superior Court Case No. BC 512041.

/ / /

/ / /

McCURDY FULLER RUETTGERS LLP
4300 Bohannon Drive, Suite 240
Menlo Park, CA 94025
(650) 618-3500

# DOCUMENTS TO BE PRODUCED

**REQUEST NO. 1:**

All of the following DOCUMENTS identified in YOUR Initial Disclosures:

A.    Complaints and amended complaints in the underlying suits;

B.    Other pleadings and documents related to the underlying suits;

C.    Correspondence, emails and written communications between plaintiffs' counsel and defendants concerning, among other things and without limitation, defendants' coverage position as to the underlying suits, defendants denial of the duty to defend, defendants' failure to pay defense fees and costs, and defendants' delays;

D.    Insurance policies issued by defendants;

E.    Invoices for attorneys' fees and costs in the defense of the underlying suits;

F.    Documents evidencing the threatened or actual withdrawal of defense counsel for plaintiffs in the underlying suits based on defendants' failure to pay defense fees and costs;

G.    Documents concerning the hourly rates paid by Lexington to independent defense counsel for plaintiffs in the case entitled Williams v. Choudhury, et al.

**REQUEST NO. 2:**

All DOCUMENTS CONCERNING YOUR payment of any defense fees and costs in connection with any of the UNDERLYING ACTIONS.

Dated:  December 9, 2014          McCURDY FULLER RUETTGERS LLP


ROBERT J. SCOTT, Jr.
Attorneys for Defendant
LEXINGTON INSURANCE COMPANY

McCURDY FULLER RUETTGERS LLP
4300 Bohannon Drive, Suite 240
Menlo Park, CA 94025
(650) 618-3500

**CERTIFICATE OF SERVICE**
*Bikram's Yoga College of India v. Philadelphia Indemnity*
**UNITED STATES CENTRAL DISTRICT OF CALIFORNIA**
**Case No.: 2:14-cv-5228 GHK (JCx)**

I am a citizen of the United States. My business address is 4300 Bohannon Drive, Suite 240, Menlo Park, CA 94025. I am employed in the county of San Mateo where this service occurs. I am over the age of 18 years, and not a party to the within cause. I am readily familiar with my employer's normal business practice for collection and processing of correspondence for mailing with the U.S. Postal Service, and that practice is that correspondence is deposited with the U.S. Postal Service the same day as the day of collection in the ordinary course of business.

On the date set forth below, following ordinary business practice, I served a true copy of the foregoing document(s) described as:

**LEXINGTON INSURANCE COMPANY'S REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF BIKRAM'S YOGA COLLEFE OF INDIA, L.P.**

Addressed to the following recipients:

**SEE ATTACHED SERVICE LIST**

__X__   **(BY ELECTRONIC FILING AND SERVICE) with the Clerk of the Court using the CM/ECF System:** in accordance with the F.R.C.P. 5(b)(2)(D) and the above Court's Local Rules, I electronically filed the foregoing with the Clerk of the Court for the United States District Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system:

____   (BY MAIL) I caused such envelope(s) with postage paid thereon fully prepaid to be placed in the United States mail at Menlo Park, California.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on December 9, 2014 at Menlo Park, California

*/s/Cat Smith*
Cat Smith

*(left margin, vertical)* McCURDY FULLER RUETTGERS LLP / 4300 Bohannon Drive, Suite 240 / Menlo Park, CA 94025 / (650) 618-3500

53460

McCURDY FULLER RUETTGERS LLP
4300 Bohannon Drive, Suite 240
Menlo Park, CA 94025
(650) 618-3500

1
2
3

**SERVICE LIST**

| | |
|---|---|
| David P. Schack<br>David W. Nelson<br>BARNES & THORNBURG LLP<br>2029 Century Park East<br>Suite 300<br>Los Angeles, CA 90067<br>Tel: (310)284-3880<br>Fax: (310)284-3894<br>Email: david.schack@btlaw.com<br>        dnelson@btlaw.com | Attorneys for Plaintiffs<br>Bikram's Yoga College of India, L.P.; Bikram Choudhury; and Bikram Choudhury Yoga, Inc. |
| Mike O'Neil<br>Robie & Matthai<br>500 S. Grand<br>Suite 1500<br>Los Angeles, CA 90071<br>Tel: (213)706-8000<br>Fax. (213)624-2563<br>Email: Moneill@romalaw.com | Attorneys for Defendant<br>Philadelphia Indemnity Ins. Co. |
| Brian Fodera<br>Bryan M. Wittlin<br>Jame E. Fitzgeral<br>Stroock & Stroock & Lavan  LLP<br>2029 Century Park East<br>Suite 1600<br>Los Angeles, CA 90067-3086<br>Tel: (310)556-5800<br>Fax: (310)556-5959<br>Email: bfodera@stroock.com<br>        bwittlin@stroock.com<br>        jfitzgerald@stroock.com<br>        lacalendar@stroock.com | Attorneys for Defendant<br>Nationwide Mutual Ins. Co. |
| Julia A. Molander<br>Andrew M. Hutchison<br>Meckler Bulger Tilson Marick Pearson LLP<br>575 Market Street<br>Suite 2200<br>San Francisco, CA 94105<br>Tel: (415)644-0914<br>Fax: (415)644-0978<br>Email: Julia.molander@mbtlaw.com<br>        Andrew.hutchinson@mbtlaw.com | Attorneys for Defendant<br>Scottsdale Insurance Company |

53460

- 3 -

**CERTIFICATE OF SERVICE**

EXHIBIT B

1  DAVID P. SCHACK (SBN 106288)
   dschack@btlaw.com
2  DAVID W. NELSON (SBN 240040)
   dnelson@btlaw.com
3  **BARNES & THORNBURG LLP**
   2029 Century Park East, Suite 300
4  Los Angeles, California 90067
   Telephone:  310.284.3880
5  Facsimile:   310.284.3894

6  Attorneys for Plaintiff
   BIKRAM'S YOGA COLLEGE OF INDIA, L.P.,
7  BIKRAM CHOUDHURY YOGA, INC., and
   BIKRAM CHOUDHURY

8

9

10               UNITED STATES DISTRICT COURT

11               CENTRAL DISTRICT OF CALIFORNIA

12

13  BIKRAM'S YOGA COLLEGE OF        Case No. 2:14-CV-05228-GHK-JC
    INDIA, L.P., et al.
14                                  **PLAINTIFF BIKRAM**
                 Plaintiffs,        **CHOUDHURY'S RESPONSE TO**
15                                  **LEXINGTON INSURANCE**
          v.                        **COMPANY'S REQUEST FOR**
16                                  **PRODUCTION OF DOCUMENTS**
    PHILADELPHIA INDEMNITY
    INSURANCE COMPANY, et al.       Deep 1/12/15
17
                 Defendants.
18                                  Judge: Hon. George H. King

19

20

21

22  PROPOUNDING PARTY:      DEFENDANT LEXINGTON INSURANCE

23                          COMPANY

24  RESPONDING PARTY:       PLAINTIFF BIKRAM CHOUDURY

25  SET NO.:                ONE

26

27

28

## PRELIMINARY STATEMENT

These responses reflect only the current status of the knowledge, understanding and belief of Plaintiff Bikram Choudhury ("Plaintiff") respecting the matters about which inquiry has been made. Discovery in this action is continuing and, consequently, Plaintiff may not have yet identified all information responsive to the Request for Production of Documents ("Requests"). As discovery in this action proceeds, Plaintiff anticipates that he may discover additional or different information or documents. Without in any way obligating itself to do so, Plaintiff reserves the right to amend, modify, supplement, clarify or further explain these responses and objections at any time in the future.

Moreover, these responses are without prejudice to the right of Plaintiff to use or rely on at any time, any subsequently discovered information, or information omitted from these responses as a result of mistake, error, oversight or inadvertence. Plaintiff further reserves the right to provide additional information and evidence at any time.

These responses are made solely for the purpose of and in relation to discovery conducted in this case. Each response is given subject to all appropriate objections (including, but not limited to, objections concerning privilege, competency, privacy, relevancy, specificity, overbreadth, undue burden, materiality, confidential proprietary or trade secret material, or admissibility), which would require the exclusion of any response contained herein. All such objections therefore are reserved and may be interposed at any hearing or trial on this matter.

Plaintiff responds to these Requests as he interprets and understands them. If any of the other parties subsequently asserts an interpretation of any Request that differs from Plaintiff's understanding, Plaintiff reserves his right to supplement the objections and/or responses herein.

Plaintiff states that, except for facts explicitly admitted herein, no admission of any nature whatsoever is to be implied or inferred from these responses. The fact that

1

PLAINTIFF BIKRAM CHOUDHURY'S RESPONSE TO LEXINGTON
INSURANCE COMPANY'S REQUEST FOR PRODUCTION OF DOCUMENTS
Case No. 2:14-CV-05228-GHK-JC

1   Plaintiff has responded to a Request should not be taken as an admission, or a

2   concession of the existence, of any fact set forth or assumed by such Request, or that

3   such response constitutes evidence of any fact thus set forth or assumed.

4

5   ## RESPONSES TO REQUESTS FOR PRODUCTION

6

7   ## REQUEST NO. 1

8       All of the following DOCUMENTS identified in YOUR initial Disclosures:

9       A. Complaints and amended complaints in the underlying suits;

10      B. Other pleadings and documents related to the underlying suits;

11      C. Correspondence, emails and written communications between plaintiffs'

12          counsel and defendants concerning, among other things and without

13          limitation, defendants' coverage position as to the underlying suits, defendants

14          denial of the duty to defend, defendants' failure to pay defense fees and costs,

15          and defendants' delays;

16      D. Insurance policies issued by defendants;

17      E. Invoices for attorneys' fees and costs in the defense of the underlying suits;

18      F. Documents evidencing the threatened or actual withdrawal of defense counsel

19          for plaintiffs in the underlying suits based on defendants' failure to pay

20          defense fees and costs;

21      G. Documents concerning the hourly rates paid by Lexington to independent

22          defense counsel for plaintiffs in the case entitled Williams v. Choudhury, et al.

23  ## RESPONSE TO REQUEST NO. 1

24      Plaintiff objects to this Request on the ground that it does not identify a category

25  of documents with reasonable particularity. Plaintiff further objects to this request on

26  the grounds that it is vague and ambiguous. Plaintiff understands this request as

27  requesting documents within these categories that Plaintiff may use to support his

28

2

1   claims in this litigation.

2        Subject to and without waiving the foregoing objection, and to the extent that

3   Plaintiff understands this request, Plaintiff will produce those requested documents that

4   are in his possession, custody, and control.

5

6   **REQUEST NO. 2**

7        All DOCUMENTS CONCERNING YOUR payment of any defense fees and

8   costs in connection with any of the UNDERLYING ACTIONS.

9   **RESPONSE TO REQUEST NO. 2**

10        Plaintiff objects to this Request on the ground that it does not identify a category

11   of documents with reasonable particularity. Plaintiff further objects to this request on

12   the grounds that the term "concerning" is vague and ambiguous, and makes the request

13   overbroad and unduly burdensome. Plaintiff further objects to this request to the extent

14   that it seeks documents that are protected by the attorney-client privilege or attorney

15   work product doctrine.

16        Subject to and without waiving the foregoing objection, and to the extent that

17   Plaintiff understands this request, Plaintiff will produce those requested documents that

18   are in his possession, custody, and control.

19

20   Dated:  January 12, 2015      **BARNES & THORNBURG LLP**

21

22                             By_____

23                                 David W. Nelson
                           Attorneys for Plaintiffs
            BIKRAM'S YOGA COLLEGE OF INDIA, L.P.,

24                BIKRAM CHOUDHURY YOGA, INC., and
                  BIKRAM CHOUDHURY

25

26

27

28

PLAINTIFF BIKRAM CHOUDHURY'S RESPONSE TO LEXINGTON
INSURANCE COMPANY'S REQUEST FOR PRODUCTION OF DOCUMENTS
Case No. 2:14-CV-05228-GHK-JC

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is:  2029 Century Park East, Suite 300, Los Angeles, California  90067.  On January 12, 2015, I served the foregoing document(s) described as: **PLAINTIFF BIKRAM CHOUDHURY'S RESPONSE TO DEFENDANT LEXINGTON INSURANCE COMPANY'S REQUEST FOR PRODUCTION OF DOCUMENTS** on the interested party(ies) below, using the following means:

## SEE ATTACHED SERVICE LIST

☒ BY UNITED STATES MAIL   I enclosed the documents in a sealed envelope or package addressed to the respective address(es) of the party(ies) stated above and placed the envelope(s) for collection and mailing, following our ordinary business practices.  I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid at Los Angeles, California.

☐ BY OVERNIGHT DELIVERY   I enclosed the document(s) in an envelope or package provided by an overnight delivery carrier and addressed to the respective address(es) of the party(ies) stated above.  I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☐ BY MESSENGER SERVICE   I served the documents by placing them in an envelope or package addressed to the respective address(es) of the party(ies) stated above and providing them to a professional messenger service for service.

☐ BY ELECTRONIC MAIL OR ELECTRONIC TRANSMISSION.   Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent to the respective e-mail address(es) of the party(ies) as stated above.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐ (STATE)  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☒ (FEDERAL)  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on January 12, 2015 at Los Angeles, California.

Laurie A. Rossi
[Print Name of Person Executing Proof]

[Signature]

1

## SERVICE LIST

Michael John O'Neill, Esq.
Ronald Peter Funnell, Esq.
Robie and Matthai
500 S. Grand Avenue
Suite 1500
Los Angeles, CA  90071-2609

Kevin G. McCurdy, Esq.
Robert J. Scott, Jr., Esq.
McCurdy Fuller Ruettgers LLP
4300 Bohannon Drive, Suite 240
Menlo Park, CA  94025

Andrew Mark Hutchison, Esq.
Julia A. Molander, Esq.
Meckler Bulger Tilson Marick Pearson LLP
575 Market Street, Suite 2200
San Francisco, CA  94105

James E. Fitzgerald, Esq.
Brian Foders, Esq.
Bryan Matthew Wittlin, Esq.
Stroock and Stroock and Lavan LLP
2029 Century Park East, Suite 1600
Los Angeles, CA  90067-3086

PROOF OF SERVICE

Case No. 2:14-CV-05228-GHK-JC

EXHIBIT C

# MᴄCURDY | FULLER | RUETTGERS LLP

4300 Bohannon Drive, Suite 240, Menlo Park, CA 94025
Phone: (650) 618-3500   Fax: (650) 618-3599
www.mccurdylawyers.com

Robert J. Scott, Jr.                    January 20, 2015                    (650) 618-3518

## VIA EMAIL

David W. Nelson
Barnes & Thornburg LLP
2029 Century Park E., Suite 300
Los Angeles, CA, 90067-2904

Re:   *Bikram's Yoga College of India, L.P. v. Philadelphia Indemnity, et al.*

Dear Mr. Nelson:

Bikram Choudhury's responses to Lexington's first set of requests for production, requests 1 and 2, are improper.

"If production and service of response are not contemporaneous, the response must state when the production will occur.  Merely stating that documents will be produced without specifying when is an evasive or incomplete response that is treated as a failure to respond to a request for production." Rutter Group, *Practice Guide: Federal Civil Procedure Before Trial, California & 9th Circuit Editions*, Section 11:1912 (citing *Mezu v. Morgan State Univ.* (D.Md. 2010) 269 F.R.D. 565, 574 ("It is improper to state, as Defendant did, that production will be made at some unspecified time in the future.")); see also *Jayne H. Lee, Inc. v. Flagstaff Industries Corp.* (D. Md. 1997) 173 F.R.D. 651, 656 ("a response to a request for production of documents which merely promises to produce the requested documents at some unidentified time in the future, without offering a specific time, place and manner, is not a complete answer as required by Rule 34(b) and, therefore, pursuant to Rule 37(a)(3) is treated as a failure to answer or respond.")

Bikram Choudhury's response to Lexington's request for production, served on January 12, 2015, agreed to produce responsive documents but failed to specify a time for production and amounts to a failure to respond.

Please let me know your availability for a pre-filing conference pursuant to L.R. 37-1.  Alternatively, produce the documents that Bikram Choudhury agreed to produce.

Very truly yours,

Robert J. Scott, Jr.

55270

**Robert Scott**

| | |
|---|---|
| **From:** | Robert Scott |
| **Sent:** | Tuesday, January 20, 2015 3:09 PM |
| **To:** | Nelson, David |
| **Cc:** | Schack, David |
| **Subject:** | Bikram's Yoga College of India v. Philadelphia Indemnity Ins. Co., et al. |
| **Attachments:** | doc00048820150120150620.pdf |

Mr. Nelson,

Please see that attached correspondence.

Regards,

Robert J. Scott, Jr.

**MCCURDY | FULLER | RUETTGERS LLP**
4300 Bohannon Drive, Suite 240
Menlo Park, CA  94025
(650) 618-3518 (Direct)
(650) 618-3500 (Office)
(650) 618-3599 (Fax)
robert.scott@mccurdylawyers.com
www.mccurdylawyers.com

CONFIDENTIALITY STATEMENT: This communication from the law firm of McCurdy Fuller Ruettgers LLP contains privileged and confidential information. It is intended only for the individual or entity named above and others who have been specifically authorized to receive it. If you are not the intended recipient, please do not read, copy, use or disclose this communication to others. Additionally, please notify the sender by replying to this email or by telephone at (650) 618-3518, and then delete the email and any and all copies of it.