KEVIN G. McCURDY (SBN 115083)
ROBERT J. SCOTT, Jr. (SBN 151775)
McCURDY FULLER RUETTGERS LLP
4300 Bohannon Drive, Suite 240
Menlo Park, CA 94025
Telephone:  (650) 618-3500
Facsimile:   (650) 618-3599
E-mail:  kevin.mccurdy@mccurdylawyers.com
E-mail:  robert.scott@mccurdylawyers.com

Attorneys for Defendant
LEXINGTON INSURANCE COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BIKRAM'S YOGA COLLEGE OF INDIA, L.P., a limited partnership; BIKRAM CHOUDHURY, an individual; and BIKRAM CHOUDHURY YOGA, INC., a corporation,<br><br>Plaintiffs,<br><br>v.<br><br>PHILADELPHIA INDEMNITY INSURANCE COMPANY, a corporation; LEXINGTON INSURANCE COMPANY, a corporation; SCOTTSDALE INSURANCE COMPANY, a corporation;. NATIONWIDE MUTUAL INSURANCE COMPANY, a corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO. 2:14-cv-5228 GHK (JCx)<br><br>**LEXINGTON INSURANCE COMPANY'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO COMPEL FURTHER RESPONSES AND PRODUCTION OF DOCUMENTS FROM BIKRAM CHOUHDURY YOGA, INC.**<br><br>Date:  April 21, 2015<br>Time: 9:30 a.m.<br>Dept.:  20 (Spring St. Courthouse)<br>Hon. Jacqueline Chooljian<br><br>**Case Scheduling Order Not Entered** |

## I. INTRODUCTION

This is an insurance coverage dispute regarding the duty to defend six underlying lawsuits alleging rape, sexual assault, sexual harassment, and related claims.

Plaintiffs want to avoid any discovery. Their stated objective is to require the defendants to provide defenses to the underlying lawsuits without reserving any rights. Lexington Insurance Company ("Lexington") contends that California law bars insurance coverage, including a duty to defend, rape and sexual assault claims. The information sought in the requests for production is relevant to that defense.

Plaintiffs also contend that defense counsel in the underlying actions are refusing their "numerous requests" for access to their files. If true, that would be a serious breach of defense counsel's ethical obligations. The more likely explanation is that plaintiffs' counsel want to avoid discovery.

Lexington's Motion to Compel should accordingly be granted.

## II. DISCUSSION

### A. Requests For Production May Be Served On Any Party

Bikram Choudhury Yoga, Inc. ("Yoga Inc.") argues that Lexington should not be allowed to propound discovery to Yoga Inc. because it is not asserting any claims against Lexington. In fact, Yoga Inc. is a party to this case. Rule 34(a) of the Federal Rules of Civil Procedure allows Lexington to serve a request for production of documents on "any other party." Whether or not Yoga Inc. is asserting claims against Lexington is simply not relevant.

It is also an afterthought. Yoga Inc. was named as a defendant in the first amended complaint in the *Anderson v. Bikram Choudhury, et al.* lawsuit, Los Angeles Superior Court case no. BC517883 (though it has since been dismissed). Yoga Inc. served responses in which it agreed to produce documents supporting, among other things, Yoga Inc.'s contentions that Lexington had breached its insurance contract, acted in bad faith, wrongfully forced plaintiffs to file the instant

action, and acted with a willful and conscious disregard of Yoga Inc.'s rights.[1] In the course of the parties' meet and confer process, based on the assertion that Yoga Inc. was not asserting any claims against Yoga Inc., Lexington withdrew twenty-five (25) requests from this motion. The remaining requests are relevant to Lexington's contention that it has no duty to defend any of the rape and sexual assault lawsuits.

Yoga Inc. is the general partner of Bikram's Yoga College of India, LP ("Yoga College"), which is a defendant in all of the rape and sexual assault lawsuits and is definitely asserting claims against Lexington. The sole limited partner in Yoga College is Bikram Choudhury ("Choudhury"), the alleged perpetrator. Choudhury owns a 99% interest in Yoga College.[2]

The underlying lawsuits allege that Yoga College was negligent in hiring, supervising, and retaining Choudhury. Plaintiffs in this case are thus making the tenuous argument that Lexington has a duty to defend claims that Choudhury was negligently supervising himself. See *Coit Drapery Cleaners, Inc. v. Sequoia Ins. Co.* (1993) 14 Cal.App.4th 1595, 1605 ("*Coit Drapery*") (no way that a corporate entity "could have disciplined or supervised its president, chairman of the board, and major shareholder ....").

In *Coit Drapery*, the company president had a long history of sexually harassing young female employees, a fact that was "common knowledge" at Coit. Any female employee who wanted to remain in Coit's employment, and particularly if she wanted to advance, had to make herself available in some way to the president. *Id.* at 1599. Similar allegations are made in the underlying actions that Yoga College and Choudhury seek to compel Lexington to defend.

The *Coit Drapery* court determined that the insurance carrier had no duty to defend the underlying sexual harassment suit:

> We emphasize that we are dealing here with a case in which the acts of sexual harassment alleged are, by their very nature,

---

[1] Scott Decl., filed with Joint Stipulation, Exhibit B.
[2] Supplemental Declaration of Robert J. Scott, Jr., ¶ 2, Exh. 1.

intentional and wrongful; it would be contrary to public policy to allow a wrongdoer which is directly and strictly liable for such wrongdoing, such as Coit, to shift the loss resulting from such an unlawful corporate practice to its insurer. *Id.* at 1606-1607.

The court thus rejected the suggestion that Coit was negligent in failing to adopt and enforce sexual harassment policies to prevent its president and major shareholder from attacking female employees. "Coverage cannot be created by claimed negligence in failing to dissuade oneself from committing an intentional act, otherwise every intentional act would be covered and section 533[3] would have no meaning."

The facts of *Coit Drapery* mirror the allegations in the rape and sexual assault cases against Choudhury. Request nos. 1, 2, 9 and 10 seek information regarding the relationship between Choudhury and Yoga Inc. That relationship is clearly relevant to Lexington's *Coit Drapery* defense.

**B.  Yoga Inc. Has Not Attempted To Obtain Responsive Documents**

In response to a number of the remaining requests, Yoga Inc. has agreed to produce documents but has not, claiming that its counsel has "made numerous requests" to defense counsel in the underlying actions for documents. Yoga Inc. then attempts to blame Lexington's alleged failure to pay defense counsel for Yoga Inc.'s failure to produce documents. This is absurd.

Lexington's requests for production were served on September 17, 2014. Yoga Inc.'s responses were served on October 28, 2014. If Yoga Inc.'s counsel was serious about obtaining responsive documents, Yoga Inc. would be able to submit actual evidence of its alleged attempts to do so. Yet Yoga Inc. has submitted no correspondence either asking for documents or confirming that defense counsel in the underlying actions is refusing to produce the documents. Yoga Inc. could not even in good conscience submit a declaration saying that it has made phone calls requesting responsive documents. Lexington's requests have been pending for over

---

[3] Insurance Code Section 553 provides: "An insurer is not liable for a loss caused by the willful act of the insured; but is not exonerated by the negligence of the insured, or of the insured's agents or others."

six months, and Yoga Inc. has not presented a shred of evidence that it has attempted to obtain responsive documents.

California Rule of Professional Conduct 3-700(D)(1) provides that an attorney whose representation has terminated shall "promptly release to the client, at the request of the client, all the client papers and property. 'Client papers and property' includes correspondence, pleadings, deposition transcripts, exhibits, physical evidence, expert's reports, and other items reasonably necessary to the client's representation …." An attorney is subject to discipline for violation of the rule. *Rosenthal v. State Bar* (1987) 43 Cal.3d 612, 621 (attorney disbarred for, among other things, failing to respond to "numerous requests and demands [that] were made by and on behalf of [clients] for the return of these files and records").

By asserting that defense counsel has refused to provide access to client files and records despite "numerous requests to counsel," Yoga Inc. is alleging a very serious ethical breach that should have been reported to the California State Bar months ago. More likely, however, Yoga Inc.'s counsel never made "numerous requests" because Yoga Inc. does not want to comply with its discovery obligations.

### III. CONCLUSION

For the reasons stated herein and in the Joint Stipulation, Lexington respectfully requests that the Court order Yoga Inc. to produce the documents requested.

Dated: April 7, 2015                    McCURDY FULLER RUETTGERS LLP

                                        _____
                                        ROBERT J. SCOTT, Jr.
                                        Attorneys for Defendant
                                        LEXINGTON INSURANCE COMPANY

# CERTIFICATE OF SERVICE
*Bikram's Yoga College of India v. Philadelphia Indemnity*
UNITED STATES CENTRAL DISTRICT OF CALIFORNIA
Case No.: 2:14-cv-5228 GHK (JCx)

I am a citizen of the United States. My business address is 4300 Bohannon Drive, Suite 240, Menlo Park, CA 94025. I am employed in the county of San Mateo where this service occurs. I am over the age of 18 years, and not a party to the within cause. I am readily familiar with my employer's normal business practice for collection and processing of correspondence for mailing with the U.S. Postal Service, and that practice is that correspondence is deposited with the U.S. Postal Service the same day as the day of collection in the ordinary course of business.

On the date set forth below, following ordinary business practice, I served a true copy of the foregoing document(s) described as:

**LEXINGTON INSURANCE COMPANY'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO COMPEL FURTHER RESPONSES AND PRODUCTION OF DOCUMENTS FROM BIKRAM CHOUHDURY YOGA, INC.**

Addressed to the following recipients:

**SEE ATTACHED SERVICE LIST**

__X__ **(BY ELECTRONIC FILING AND SERVICE) with the Clerk of the Court using the CM/ECF System:** in accordance with the F.R.C.P. 5(b)(2)(D) and the above Court's Local Rules, I electronically filed the foregoing with the Clerk of the Court for the United States District Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system:

_____ (BY MAIL) I caused such envelope(s) with postage paid thereon fully prepaid to be placed in the United States mail at Menlo Park, California.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on April 7, 2015 at Menlo Park, California

/s/Cat Smith
Cat Smith

53460
- 2 -
CERTIFICATE OF SERVICE

| | **SERVICE LIST** | |
|---|---|---|
| | David P. Schack<br>David W. Nelson<br>BARNES & THORNBURG LLP<br>2029 Century Park East<br>Suite 300<br>Los Angeles, CA 90067<br>Tel: (310)284-3880<br>Fax: (310)284-3894<br>Email: david.schack@btlaw.com<br>            dnelson@btlaw.com | Attorneys for Plaintiffs<br>Bikram's Yoga College of India, L.P.; Bikram Choudhury; and Bikram Choudhury Yoga, Inc. |
| | Mike O'Neil<br>Robie & Matthai<br>500 S. Grand<br>Suite 1500<br>Los Angeles, CA 90071<br>Tel: (213)706-8000<br>Fax. (213)624-2563<br>Email: Moneill@romalaw.com | Attorneys for Defendant<br>Philadelphia Indemnity Ins. Co. |
| | Bryan M. Wittlin<br>Jame E. Fitzgeral<br>Stroock & Stroock & Lavan LLP<br>2029 Century Park East<br>Suite 1600<br>Los Angeles, CA 90067-3086<br>Tel: (310)556-5800<br>Fax: (310)556-5959<br>Email: bfodera@stroock.com<br>            bwittlin@stroock.com<br>            jfitzgerald@stroock.com<br>            lacalendar@stroock.com | Attorneys for Defendant<br>Nationwide Mutual Ins. Co. |
| | Julia A. Molander<br>Andrew M. Hutchison<br>Meckler Bulger Tilson Marick Pearson LLP<br>575 Market Street<br>Suite 2200<br>San Francisco, CA 94105<br>Tel: (415)644-0914<br>Fax: (415)644-0978<br>Email: Julia.molander@mbtlaw.com<br>            Andrew.hutchinson@mbtlaw.com | Attorneys for Defendant<br>Scottsdale Insurance Company |